UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MORGAN KEEGAN & COMPANY, INC., ) ) | |
| Petitioner, ) ) | CASE NO: _____ |
| vs. ) ) | |
| JOHN J. GARRETT, NAN M. GARRETT, HENRY R. HAMMAN, DAVID W. DAUPHIN, CHRISTY DAUPHIN, WILLIAM C. GOODWIN, HSMCO, INC., VANCE C. MILLER, HENRY S. MILLER, JR. 1989-1 IRREVOCABLE TRUST, J. STEPHEN HARRIS, THE RYRIE FOUNDATION, ELIZABETH RYRIE ANTHONY, CAROLYN R. HOWARD, CHARLES C. RYRIE, STEVEN CHARLES ANTHONY TRUST, MATTHEW JOHN ANTHONY TRUST, CLAIRE HANNAH HOWARD TRUST, AND EDGAR SMITH, ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. ) | |

**MORGAN KEEGAN AND COMPANY, INC.'S BRIEF IN
SUPPORT OF MOTION TO VACATE ARBITRATION AWARD**

i

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

   A.   FACTUAL BACKGROUND ................................................................................... 1

II.   JURISDICTION .................................................................................................................. 3

   A.   FEDERAL JURISDICTION .................................................................................... 3

   B.   VENUE ..................................................................................................................... 4

III.   ARGUMENT ....................................................................................................................... 4

   A.   THE AWARD SHOULD BE VACATED BECAUSE THE ARBITRATORS EXCEEDED THEIR POWERS BY HEARING DERIVATIVE CLAIMS IN VIOLATION OF FINRA RULES. ..................................................................................... 4

   B.   THE AWARD SHOULD BE VACATED BECAUSE THE ARBITRATORS EXCEEDED THEIR POWERS BY HEARING CLAIMS BROUGHT BY NON-CUSTOMERS OF MORGAN KEEGAN. ......................................................................... 6

   C.   THE COURT SHOULD VACATE THE PANEL'S AWARD BECAUSE THE ARBITRATORS EXCEEDED THEIR POWERS AND REFUSED TO HEAR PERTINENT EVIDENCE WHEN THEY IGNORED CLAIMANTS' DISCOVERY VIOLATIONS. ................................................................................................................... 7

IV.   CONCLUSION .................................................................................................................... 9

ii

Petitioner, Morgan Keegan and Company, Inc. ("Morgan Keegan" or "Petitioner") hereby files this Brief in Support of its Motion to Vacate Arbitration Award, which requests that this Court vacate the arbitration award (the "Award") improperly and illegally entered by a panel of arbitrators of the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution in favor of the Respondents, who were Claimants in the underlying arbitration (collectively, the "Claimants"), and to remand this matter to FINRA for a rehearing with a new arbitration panel pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq* (the "FAA").  The Award should be vacated because the FINRA-appointed arbitrators exceeded their powers by (i) entertaining claims that were derivative in nature in violation of FINRA rules, (ii) refusing to reject claims brought by non-customers of Morgan Keegan to whom Morgan Keegan owes no legal duties, and (iii) entertaining the claims of Claimants who did not comply with FINRA rules per the parties' contract.[1]

## I.   INTRODUCTION

### A.   FACTUAL BACKGROUND

Claimants, initially a part of a larger group of unrelated investors, brought a consolidated arbitration case against Morgan Keegan concerning their independent investments in one or more closed end high-income bond funds sold by Morgan Keegan (collectively, the "RMK Funds" or the "Funds").  All the Claimants were wealthy individuals with extensive investment experience and a great deal of sophistication about investment products.  Claimants' RMK investments were a resounding success in generating significant income.  Nevertheless, and as we now know, the cataclysmic credit-market meltdown that began in 2007 resulted in billions of dollars in losses for investors, including Claimants.

---

[1] Morgan Keegan is filing this Brief, along with the Motion to Vacate Arbitration Award, in anticipation of submitting additional materials and briefing in support of our argument, as the transcript of the final arbitration hearing is still being finalized.

1

Claimants filed a claim before FINRA to hold Morgan Keegan liable for losses they claim they sustained in the Funds as a result of the catastrophic market conditions of the past several years by claiming they were somehow "tricked" into purchasing the Funds. *See* Claimants' Statement of Claim, Apr. 7, 2009. A panel consisting of three arbitrators, Oren Connaway, Stacey Barnes, and Gary Danna (collectively, the "Panel" or the "Arbitrators") was selected. *See* Award, Oct. 4, 2010, a copy of which is attached hereto as **Exhibit "A."** Petitioner Morgan Keegan moved to dismiss the action with respect to Claimants Goodwin and Harris on July 10, 2009, because they are not customers of Morgan Keegan and were owed no legal duty by Morgan Keegan; however, the panel denied this motion. *See* Respondent's Motion to Director to Declare Claims Not Subject to FINRA Arbitration; Award, Oct. 4, 2010. The parties conducted discovery, during which most Claimants produced virtually none of the documents they were required to produce. *See* Respondent's Motion to Compel Production of Documents, Jan. 4, 2010. Indeed, eight Claimants did not produce any discovery at all. *See id.* Following Morgan Keegan's motion to compel discovery, *see id.*, the Arbitrators ordered most of the requested documents to be produced, *see* Order on Claimants' Motion to Compel Production of Documents and Order on Respondent's Motion to Compel Production of Documents, Feb. 11, 2010, but Claimants produced almost no additional discovery even after the Panel ordered them to. *See* Respondent's Motion for Dismissal of Claims for Failure to Produce Ordered Discovery, July 23, 2010. Morgan Keegan therefore moved to dismiss, but the Panel denied the motion. *See id.*; Arbitration Panel's Order, August 4, 2010. On August 16, 2010, the Panel issued its Award, granting each Claimant 85% of the alleged losses, no matter when the Claimant bought or sold, where it held the Funds -- whether at Morgan Keegan or elsewhere, and without regard to any of the individual circumstances of each investor. *See* Award, October 4, 2010.

2

## II.     JURISDICTION

A.     **FEDERAL JURISDICTION**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  Morgan Keegan is a Tennessee corporation with its principal place of business in Memphis, Tennessee, and as such, is a citizen of the state of Tennessee.  Claimants John and Nan Garrett are natural persons who reside in Houston, Harris County, Texas.  Claimant Henry Hamman is a natural person who resides in Houston, Harris County, Texas.  Claimants David and Christy Dauphin are natural persons who reside in Houston, Harris County, Texas.  Claimant William Goodwin is a natural person who resides in Houston, Harris County, Texas. Claimant HSMCO, Inc. is a Delaware corporation with its principal place of business in Dallas, Dallas County, Texas, and, as such, is a citizen of the states of Delaware and Texas.  Claimant Vance Miller is a natural person who resides in Dallas, Dallas County, Texas.  Claimant Henry S. Miller, Jr. 1989-1 Irrevocable Trust is a trust maintained in Dallas, Dallas County, Texas. Claimant Stephen Harris is a natural person who resides in Dallas, Dallas County, Texas. Claimant The Ryrie Foundation is a charitable foundation based in Dallas, Dallas County, Texas. Claimants Elizabeth Ryrie Anthony is a natural person who resides in Dallas, Dallas County, Texas.  Claimant Carolyn R. Howard is a natural person who resides in Dallas, Dallas County, Texas.   Claimant Charles C. Ryrie is a natural person who resides in Dallas, Dallas County, Texas.  Claimant Steven Charles Anthony Trust is a trust maintained in Dallas, Dallas County, Texas, and as such is a resident of the state of Texas.  Claimant Matthew John Anthony Trust is a trust maintained in Dallas, Dallas County, Texas, and as such is a resident of the state of Texas. Claimant Claire Hannah Howard Trust is a trust maintained in Dallas, Dallas County, Texas, and as such is a resident of the state of Texas.  Claimant Edgar Smith is a natural person who resides in Houston, Harris County, Texas.  Since none of Claimants share the same citizenship as

3

Morgan Keegan, the parties are fully diverse. The amount in controversy exceeds $75,000, exclusive of costs and interest.

**B.     VENUE**

The Southern District of Texas, Houston Division, is the District and Division in which the arbitration hearings were conducted and the award was made. Therefore, this Court is the proper venue for the Motion to Vacate Arbitration Award, pursuant to 9 U.S.C. § 9.

### III.     ARGUMENT

Arbitrators' powers are, by their very nature, limited to those specified by the arbitration agreement of the parties. *Volt Information Sciences, Inc. v. Bd. of Trustees of Leland*, 489 U.S. 468, 479 (1989) (noting that "parties are generally free to structure their arbitration agreements as they see fit. . . . [T]hey may specify by contract the rules under which that arbitration will be conducted."); *Halliburton Energy Servs., Inc. v. NL Indus.*, 553 F. Supp. 2d 733, 771 (S.D. Tex. 2008) (recognizing parties' ability to limit arbitrators' powers contractually). The Claimants[2] all signed agreements with Morgan Keegan which contained an arbitration provision, and agreed to be bound by the FINRA Code of Arbitration Procedure for Customer Disputes (the "Code").

When an arbitration award exceeds an arbitrator's powers, the award can be vacated by a federal court. *See* 9 U.S.C. § 10; *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007) ("If the contract creates a plain limitation on the authority of an arbitrator, we will vacate an award that ignores the limitation."). In this case, the Arbitrators exceeded their powers by disregarding the FINRA Code; therefore, the Award should be vacated.

**A.     THE AWARD SHOULD BE VACATED BECAUSE THE ARBITRATORS EXCEEDED THEIR POWERS BY HEARING DERIVATIVE CLAIMS IN VIOLATION OF FINRA RULES.**

---

[2] Except Harris and Goodwin, as discussed further in Section III.B., *infra*.

FINRA Rule 12205 provides that "[s]hareholder derivative actions may not be arbitrated under the Code." This is with good reason: shareholder derivative actions are those which belong not to an individual shareholder of the investment product, but instead belong to the company itself. *See Schmieder v. Kropp Holdings, Inc.*, 1997 WL 279855, at *2 (N.D. Tex. 1997). And yet, despite this clear prohibition, Claimants' claims consist of nothing <u>but</u> derivative claims. Claimants' Statement of Claim assert that Morgan Keegan made misrepresentations that allegedly caused the various RMK Funds to decline significantly in value. *See* First Amended Statement of Claims, Dec. 8, 2009. These are collective injuries to the Funds themselves; Claimants have suffered absolutely no injuries that are distinct from injuries to the corporation.

The Alabama Supreme Court recently ruled that nearly identical claims involving the same Funds were, in fact, derivative claims that must be brought against the Funds and NOT the Funds' advisor, the Funds' manager or against Morgan Keegan's parent company. *See In re Grantland Rice II*, No. 1090425 (Ala. Sept. 30, 2010) (unpublished opinion), attached hereto as **Exhibit "B,"** at 3-4. The Alabama Supreme Court ordered the trial court to dismiss plaintiffs' complaint because it held that the misrepresentations plaintiffs alleged caused their injuries were based on mismanagement of the RMK Funds' assets, and were thus ***derivative claims*** that could only be asserted on behalf of the RMK Funds.[3] *Id.* at 23-25. In fact, the court stated that "although the [plaintiffs] appear therefore to be arguing that their claims must be direct claims because they are fraud claims, under Maryland law, fraud claims may still be derivative claims if the alleged injury is to the corporation."[4] *Id.* at 16.

---

[3] The Alabama Supreme Court applied Maryland law in determining that plaintiffs' claims were derivative claims.
[4] *See also Tafflin v. Levitt*, 608 A.2d 817 (Md. Ct. App. 1992) (holding that fraud claims against certain officers and directors of savings and loan were derivative claims).

5

Claimants' claims, like those of the plaintiffs in *Grantland Rice II*, are shareholder derivative claims. FINRA Rule 12205 explicitly prohibits derivative claims from being brought in FINRA arbitrations. The Panel was bound to follow the FINRA Code by the parties' arbitration agreement; when the Panel refused to uphold FINRA Rule 12205, it constituted an abuse of its power. *See Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007). Under the FAA, when arbitrators overstep their authority, vacation of the arbitrators' award is warranted. *See* 9 U.S.C. § 10(a)(4). Thus, since Claimants' derivative claims should never have been heard by the Arbitrators, the Award should be vacated.[5]

**B.   THE AWARD SHOULD BE VACATED BECAUSE THE ARBITRATORS EXCEEDED THEIR POWERS BY HEARING CLAIMS BROUGHT BY NON-CUSTOMERS OF MORGAN KEEGAN.**

The Arbitrators further exceeded their powers by hearing the claims of non-customers. FINRA arbitration can only be instituted if ***the dispute is between a customer and a FINRA member or between a customer and an associated person***. FINRA Rules 12200, 12201. Whether one is a "customer" of a firm turns on whether the person actually received investment services from the firm or otherwise had a direct relationship with the firm. *See Fleet Boston Robertson Stephen, Inc. v. Innovex. Inc.*, 264 F.3d 770, 772 (8th Cir. 2001).

Claimants Harris and Goodwin (collectively, the "Non-Customers") are not and never were customers of Morgan Keegan. The Non-Customers purchased the Funds on the secondary market through an account with another broker/dealer. Moreover, they had no accounts with Morgan Keegan, made no purchases through or from Morgan Keegan, placed no monies or investments with Morgan Keegan, received no advice or other services directly from Morgan Keegan,

---

[5] Claimants' own actions further confirm that these claims are inappropriate in a FINRA hearing. Claimants filed a suit with claims identical to those brought in the arbitration in federal court just ten days after filing the FINRA action. The only difference in the actions is that the federal suit names different defendants, who are corporate affiliates of Morgan Keegan, or employees thereof.

6

and did not otherwise have any relationship with Morgan Keegan.[6] Since the Non-Customers are not Morgan Keegan customers, they cannot pursue claims through FINRA arbitration. Furthermore, Morgan Keegan owes no duty to the Non-Customers, so there is not even a basis for these claims. *See Bear, Stearns & Co. v. Buehler*, 432 F. Supp. 2d 1024, 1027 (C.D. Cal. 2000) (holding that "generally there is no duty between a brokerage house or broker dealer and a non-customer who has invested his or her money through an independent investment advisor") (citing *Congregation of the Passion v. Kidder Peabody & Co., Inc.*, 800 F.2d 177, 182-83 (7th Cir. 1986)); *Rolf v. Blyth, Eastman, Dillon & Co.*, 637 F.2d 77, 80 (2d Cir. 1980).

When the Panel allowed the Non-Customers' claims to proceed, they disregarded the clear dictates of the FINRA Code. *See* FINRA Rules 12200, 12201. Though the Arbitrators were obligated to follow FINRA's rules, they failed to do so when they heard non-customer claims. That constitutes a clear transgression of their authority. *See Apache Bohai Corp.*, 480 F.3d at 401. Under the FAA, the appropriate remedy is vacation of the Award as to the Non-Customers. *See* 9 U.S.C. § 10(a)(4).

C.  **THE COURT SHOULD VACATE THE PANEL'S AWARD BECAUSE THE ARBITRATORS EXCEEDED THEIR POWERS AND REFUSED TO HEAR PERTINENT EVIDENCE WHEN THEY IGNORED CLAIMANTS' DISCOVERY VIOLATIONS.**

FINRA requires certain presumptively discoverable documents to be exchanged in every case. FINRA Rule 12506. Claimants originally produced little of this discovery; they also failed to produce nearly everything requested by Morgan Keegan in its initial requests for production. After Morgan Keegan filed a motion to compel discovery, the Panel's chair ordered production

---

[6] See also *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 177 (2d Cir. 2003); *Wheat, First Securities, Inc. v. Green*, 993 F.2d 814 (11th Cir. 1993); *Herbert J. Sims & Co., Inc. v. Roven*, 548 F. Supp. 2d 759 (N.D. Cal. 2008); *AXA Distributors, LLC v. Bullard*, Case No. 1:08-cv-188-WKW [WO], 2008 U.S. Dist. LEXIS 103837 (M.D. Ala. 2008); *Goldman Sachs & Co. v. Becker*, Case No. C 07-01599 WHA, 2007 U.S. Dist. LEXIS 51359 (N.D. Cal. 2007); *Investors Capital Corp. v. Brown*, 145 F. Supp. 2d 1302, 1308 (M.D. Fla. 2001).

of most of the requested documents, implicitly acknowledging their extreme importance. *See* Order on Claimants' Motion to Compel Production of Documents and Order on Respondent's Motion to Compel Production of Documents, Feb. 11, 2010. Despite this, Claimants continued to withhold nearly everything ordered. *See* Respondent's Motion for Dismissal of Claims for Failure to Produce Ordered Discovery, July 23, 2010. Morgan Keegan moved to dismiss the Claimants' claims as an appropriate discovery sanction. *See* Award, Oct. 4, 2010.

FINRA Rule 12212 authorizes arbitrators to sanction a party for failing to comply with any provision in the FINRA Code or an order of the panel. In this case, Claimants entirely failed to comply with FINRA Rule 12506, by refusing to turn over basic documents. They also disobeyed the FINRA Code by responding to almost none of Morgan Keegan's document requests. Moreover, Claimants ignored an order from the Panel altogether. This failure to provide meaningful discovery and the utter disrespect for the Panel's order certainly justified sanctions against Claimants under the FINRA Code. *See* FINRA Rule 12212. Willfully blind to Claimants' discovery abuses, the Panel not only denied Morgan Keegan's motion to dismiss for failure to comply with discovery, but also failed to sanction the Claimants in any way whatsoever.

The Panel's failure to hold Claimants to their discovery obligations constitutes an overreaching of its authority because ignoring discovery violations defies the FINRA Code. It also constitutes a refusal to hear pertinent evidence, which prejudiced Morgan Keegan. *See* 9 U.S.C. § 10(a)(3) (permitting vacation of awards "where the arbitrators were guilty of misconduct in . . . refusing to hear evidence pertinent and material to the controversy . . . by which the rights of any party have been prejudiced"). Both the overstepping of the Panel's

8

power and the refusal to hear pertinent evidence are grounds for vacating the Award under the FAA, and this Court should do so.  *See* 9 U.S.C. §§ 10(a)(3), 10(a)(4).

## IV.   CONCLUSION

The Panel in the arbitration below exceeded their powers when they permitted Claimants' derivative claims to go forward, when they allowed non-customers to proceed against (and recover from) Morgan Keegan, and when they denied Morgan Keegan's motion to dismiss the claims of certain Claimants who had produced few or no documents.  Moreover, the Panel refused to hear pertinent evidence by permitting Claimants to flout their discovery obligations.  Because of these reversible errors, the Award entered by the Panel below should be vacated and the case should be remanded to FINRA arbitration for final hearing in accordance with the principles of law and this Court's order.

DATED:  October 11, 2010            GREENBERG TRAURIG, LLP

                                                By: /s/ Mary-Olga Lovett
                                                Mary-Olga Lovett (SBN 00789289)
                                                1000 Louisana, Suite 1800
                                                Houston, Texas 77002
                                                Telephone: (713) 374-3500
                                                Facsimile: (713) 374-3501

                                                **ATTORNEY-IN-CHARGE FOR PETITIONER**
                                                **MORGAN KEEGAN & COMPANY, INC.**

**OF COUNSEL:**
Steve Carlin (SBN 03807700)
Penelope Blackwell (SBN 24029456)
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

**ATTORNEYS FOR PETITIONER**
**MORGAN KEEGAN & COMPANY, INC.**

ATL 17,781,022v5 10-11-10