| United States District Court | | Southern District of Texas |
|---|---|---|
| Morgan Keegan & Company, Inc., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| versus § | | Civil Action 4:10-cv-04308 |
| § | | |
| John J. Garrett, et al., § | | |
| § | | |
| Defendants. § | | |

# Opinion

1. *Introduction.*

John J. Garrett and seventeen others said that Morgan Keegan & Company, Inc., misled them to invest in bond funds. An arbitration panel awarded the claimants about nine million dollars. Morgan Keegan moved to vacate the award. It said the arbitrators did not have power to hear the claims. It also said the panel based its decision on knowingly false testimony. The award will be vacated.

2. *Background.*

Between 1999 and 2008, Morgan Keegan & Company, Inc., issued shares of funds. The funds were managed by Morgan Asset Management. The capital was invested in bonds and mortgages with both high and low apparent risk.

In 2007, the housing market collapsed, and the funds lost a lot of value. James C. Kelsoe, the Senior Portfolio Manager, allocated additional capital to risky instruments because he thought housing would recover. It did not, and the funds lost more value.

In late 2007, Morgan Keegan liquidated some positions because it needed cash to pay the dividends at the expected rate, with the fund's current earnings being insufficient. Morgan Keegan encouraged the claimaints to reinvest the dividends.

In 2008, Hyperion purchased the fund's assets. After evaluating them, Hyperion said the assets were overvalued and the current dividend payments were unsustainable.

A year later, claimants started an arbitration against Morgan Keegan. Morgan Keegan moved to dismiss all claims, saying the claims were not arbitrable. The panel did not dismiss any claims.

The six-day arbitration started in August. Numerous witnesses testified, including Craig McCann, claimants' technical witness. In October of 2010, the panel awarded claimants $9,185,336.00. It included compensatory damages, costs, and attorney fees.

3. *Ability to Vacate.*

Federal courts have a limited authority to vacate arbitration awards. A court may vacate one only if the arbitrators egregiously abused their power. An award should be vacated if the arbitrators exceeded their power, were obviously partial, prejudiced the rights of a party, or based the award on fraud.[1]

The parties' agreement limits the arbitrators' powers. Claimants and Morgan Keegan agreed to arbitrate before the National Association of Securities Dealers, Inc., or the New York Stock Exchange, Inc. – both follow Financial Industry Regulatory Authority rules. These rules limit the arbitrators' powers.

4. *Non-Customers.*

Morgan Keegan said the arbitrators should not have heard J. Stephen Harris's and William C. Goodwin's claims. Arbitrators may only hear claims between members and their customers or between parties who agreed to FINRA arbitration before the dispute arose.[2]

Harris and Goodwin were not Morgan Keegan's customers. A customer has a direct relationship with a firm. Harris and Goodwin bought shares in the fund from third-party brokers on the secondary market. Their information was from the street. They never gave money to Morgan Keegan. They never contacted Morgan Keegan for advice. They had no direct relationship with Morgan Keegan.

---

[1] 9 U.S.C. §10(a)(4) (2006)

[2] FINRA rule 12201

Morgan Keegan had no agreement with Harris and Goodwin to arbitrate. Harris and Goodwin could not compel Morgan Keegan to arbitrate. The arbitrators exceeded their power when they heard Harris's and Goodwin's claims.

5. *Derivatives.*

The arbitrators should not have heard the suit, Morgan Keegan insists, because it was a derivative claim. A derivative claim is a suit that shareholders bring when a company suffers from an internal breach of duty that management will not correct – dereliction of duty. A claim is derivative if the plaintiff's injury is the same as the company's injury. FINRA arbitrators cannot hear derivative claims.[3]

Here, claimants sued for fraud and said Morgan Keegan intentionally lied about the fund's value. The only evidence they offered was a technical witness who said the funds lost more value than the average fund when the market crashed. That proves nothing. Inevitably some funds will be above or below the average. It does not mean there was fraud.

The real complaint is that they did not like how the funds were invested or the internal pricing of the funds. The claimants thought that Morgan Keegan mismanaged the fund, causing the fund to lose value. They sued because they lost money. It is a textbook derivative claim.

The claims were outside of the scope of the arbitrators' power.

6. *Technical Lies.*

The award must be vacated because the panel based its damages calculations on knowingly false testimony. Morgan Keegan could not have discovered the fraud before the hearing, and after the hearing, it discovered the fraud that affected the outcome of the arbitration. Therefore, the award must be vacated.

Claimants' witness, Craig McCann, testified that Morgan Keegan's internal pricing caused the fund's overvaluation. He said Morgan Keegan's internal pricing was so bad that it caused the fund's value to decrease more than similar funds. When the true value of the fund was revealed, McCann said, the claimants lost money. McCann's testimony was key to claimants' success. McCann admitted in other testimony months after the hearing that he knew at the Morgan Keegan hearing that his testimony was false. He realized while testifying that his

---

[3] FINRA Rule 12205

calculations were wrong, but he persisted in swearing that he knew his results were reliable. The claimants did not disclose McCann's factual reversal to the panel. The panel's reliance on McCann's testimony vitiates the award; this was the only technical financial evidence.

7. *Conclusion.*

The award must be vacated because the arbitration panel had no authority to hear John J. Garrett and the seventeen other's claims against Morgan Keegan & Company, Inc. The panel acted outside its scope of power by hearing derivative claims and non-customer claims. Even if the panel had power to hear the claims, the award would still have been vacated because it was based on fraudulent testimony.

Signed on September 30, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge