UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MORGAN KEEGAN & COMPANY, INC., | §<br>§<br>§ |
| Petitioner, | §   Civil Action No. 4:10-cv-04308 |
| v. | §<br>§ |
| JOHN J. GARRETT, et al., | §   Judge Lynn N. Hughes<br>§ |
| Respondents. | §<br>§ |

**PETITIONER'S MOTION FOR ATTORNEY'S FEES AND BRIEF IN SUPPORT**

Petitioner Morgan Keegan & Company, Inc. hereby files this Motion for Attorney's Fees and Brief in Support pursuant to Fed. R. Civ. P. 54(d)(2) and respectfully shows the Court as follows:

1.  On October 3, 2011, this Court entered an opinion granting Petitioner's Motion to Vacate the arbitration award entered in the underlying proceeding styled John J. Garrett, et al. v. Morgan Keegan & Company, Inc., FINRA Arbitration No. 09-00683. (Dkt # 33). A subsequent order vacating the award was also entered by the Court. (Dkt # 34).

2.  Respondents John J. Garrett, Nan N. Garrett, Henry R. Hamman, David W. Dauphin, Christy Dauphin, HMSCO, Inc., Vance C. Miller, Henry S. Miller Jr. 1981-1 Irrevocable Trust, The Ryrie Foundation, Elizabeth Ryrie Anthony, Carolyn R. Howard, Charles C. Ryrie, Steven Charles Anthony Trust, Matthew John Anthony Trust, Claire Hannah Howard Trust, and Edgar Smith (collectively the "Customer Respondents") were all customers of Morgan Keegan. These customers each entered a Client Agreement when they opened their accounts at Morgan Keegan.

3.     The Client Agreement between Morgan Keegan and each of the Customer Respondents provides:

> Any expense, including attorney's fees (whether for outside or inside counsel), incurred by Morgan Keegan in defense of an action brought by the undersigned against Morgan Keegan or its agents or employees in connection with any account of the undersigned shall be borne solely by the undersigned should Morgan Keegan prevail.

(A sample contract from Vance Miller containing the entire relevant provision is attached as Exhibit A, paragraph 25).

4.     This action is unquestionably "in defense of an action brought by the undersigned against Morgan Keegan." First, the Customer Respondents (as well as two non-customer Respondents) initiated their own action in this Court against Morgan Keegan to confirm the original arbitration award. Morgan Keegan responded in defense of that action and sought its consolidation with this action. Second, Morgan Keegan initiated this action to vacate the award, which itself is a proceeding to defend against the original arbitration action brought by the Customer Respondents.

5.     The express language of the provision is unconditional. Attorney's fees are awarded automatically under the contract, and there is no discretion to deny them to Morgan Keegan. This provision also requires payment of all fees and expenses incurred by Morgan Keegan -- without regard to a reasonableness analysis.

6.     Courts in both Texas and Tennessee[1] enforce similar contractual provisions. *See In re Independent American Real Estate, Inc.*, 146 B.R. 546, 556 (Bankr. N.D. Tex. 1992) ("Texas recognizes and enforces contractual provisions for attorney

---

[1] The Client Agreement states that Tennessee law governs the contract.

2

fees"); *McNeil v. Nofal*, 185 S.W.3d 402, 413 (Tenn. App. 2005) (noting that attorney's-fee provisions "are entitled to enforcement according to their express terms").

6. Based on the plain language of the contract between Morgan Keegan and the Respondents, Morgan Keegan is entitled to and hereby seeks an award of its attorneys' fees incurred in bringing this action to vacate the improper arbitration award.

7. As set forth in the Declaration of Stephen C. Carlin attached Exhibit B, Morgan Keegan seeks to recover an award of reasonable attorney's fees in the amount of $175,566.15 incurred in prosecuting its Motion to Vacate and defending against the Respondents' ancillary Motion to Confirm.

8. In addition, Morgan Keegan incurred $11,374.06 in expenses in asserting its Motion to Vacate and defending against the Customer Respondents' ancillary Motion to Confirm and is entitled and seeks to recover all such expenses .

WHEREFORE, Petitioner Morgan Keegan & Company, Inc. requests that the Court, after review and consideration of the attached Affidavit and Client Agreement, enter an Order in this case that requires the Customer Respondents to pay the Petitioner fees and expenses as reflected in the attached Affidavit in the amount of $175,566.15 in fees and $11,374.06 in expenses, and for further relief.

DATED:  October 14, 2011.             GREENBERG TRAURIG, LLP

By: /s/ Mary-Olga Lovett
Mary-Olga Lovett (SBN 00789289)
1000 Louisana, Suite 1800
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3501

**ATTORNEY-IN-CHARGE FOR PETITIONER
MORGAN KEEGAN & COMPANY, INC.**

**OF COUNSEL:**
Stephen C. Carlin (SBN 03807700)
Penelope Blackwell (SBN 24029456)
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Pamela Ferguson Sperber (SBN 24059743)
1000 Louisana, Suite 1800
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3501

Terry R. Weiss (Admitted *Pro Hac Vice*)
The Forum
3290 Northside Parkway, Suite 400, Atlanta, GA 30327
Telephone: (678) 553-2603
Facsimile: (678) 553-2212

**ATTORNEYS FOR PETITIONER**
**MORGAN KEEGAN & COMPANY, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 14, 2011. Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ *Penelope Brobst Blackwell*
Penelope Brobst Blackwell

5

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Petitioner complied with Local Rule CV-7.1(D) on October 14, 2011 by attempting to confer with counsel for Respondents, but was unable to reach them. Due to the deadline under Rule 54 for filing of this motion, the motion is being filed without a response and is assumed to be opposed.

                                                                                              /s/ *Penelope Brobst Blackwell*
                                                                                               Penelope Brobst Blackwell

*ATL 18,306,443v1 054880.011000*