UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORGAN KEEGAN & COMPANY, INC., § § | | |
| Petitioner, § | CAUSE NO. 4:10-CV-04308 | |
| § | | |
| VS. § | | |
| § | | |
| JOHN J. GARRETT, ET AL., § | JUDGE LYNN N. HUGHES | |
| Respondents. § | | |

**DR. CRAIG MCCANN'S REPLY TO MORGAN KEEGAN &
COMPANY, INC.'S RESPONSE TO HIS EMERGENCY MOTION
TO INTERVENE UNDER FED.R.CIV.P. 24**

TO THE HONORABLE JUDGE OF SAID COURT:

Movant Dr. Craig McCann, a non-party, files this his Reply to Morgan Keegan & Company, Inc.'s Response (DE:50) ("Response") to his Emergency Motion to Intervene (DE:48), and in support, would show the Court the following:

**I.  INTRODUCTION**

On September 30, 2011, this Court entered its Order (DE:33) and Opinion (DE:34) vacating the arbitration award. On October 6, 2011, the *Garrett* claimants, Respondents herein, filed their notice of appeal (DE:35). The *Garrett* claimants did not file any post-judgment motion for new trial. On October 19, 2011, Dr. McCann filed his notice of appeal (DE:42). On October 28, 2011, Dr. McCann filed his Emergency Motion to Intervene (DE:48). On November 4, 2011, Morgan Keegan filed its Response to the Emergency Motion to Intervene (DE:50) ("Response"), in answer to which this Reply is filed.

In its Response, Morgan Keegan asserts three grounds for denying the Motion: (1) that the Court has no jurisdiction to address the intervention motion; (2) that the intervention motion

is untimely; and (3) that Dr. McCann has no legally protectable interest warranting intervention. Each of Morgan Keegan's arguments will be addressed below, after the clarification of a factual point that is important for the Court's consideration.

Dr. McCann testified in the *Garrett* arbitration before a FINRA arbitration panel on August 17, 2010. After Morgan Keegan filed a motion to vacate the Garrett award, however, no one told Dr. McCann of Morgan Keegan's motion or of the false allegations about his testimony contained therein. Dr. McCann learned about Morgan Keegan's motion to vacate on October 4, 2011, when he received a copy of this Court's September 30, 2011 order vacating the *Garrett* arbitration award. *See* Declaration of Dr. Craig McCann, attached as Exhibit A.

## II.     **THIS COURT HAS JURISDICTION TO HEAR THIS MOTION.**

Morgan Keegan argues that this Court lost jurisdiction "upon the filing of a notice of appeal" and that once an appeal has been filed, the district court is "divested of jurisdiction." (DE:50-4). While this may be true as a general rule, there are notable exceptions. Dr. McCann's motion falls under one of them.

In addition to being a motion to intervene, Dr. McCann's motion asks this court to amend its September 30, 2011 order vacating the *Garrett* arbitration award. It was filed with the Court 28 days after its order, the deadline for a Rule 59(e) motion. The Court can construe this as a motion to amend under Fed. R. Civ. P. 59(e). *See Britt v. Whitmire*, 956 F.2d 509, 512 (5th Cir. 1992). Under Fed. R. App. P. 4(a)(4), a Rule 59(e) motion invalidates a previously filed notice of appeal, and the district court retains jurisdiction to entertain a Rule 59(e) motion filed within 28 days of judgment. *See id.* (citing *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986)); *see also Stewart Park and Reserve Coalition Inc. v. Slater,* 374 F.Supp.2d 243, 251-52

(N.D.N.Y. 2005) (citing FED. R. APP. P. 4. Advisory Committee Notes (1993 Amendments), the court says "A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.")

In *Ross v. Marshall*, 426 F.3d 745, 752-53 (5th Cir. 2005), the Fifth Circuit held that Rule 4(a)(4) applied only to parties to the action and not to a non-party seeking to intervene. The *Ross* Court stated that because a timely post-judgment motion for new trial had been filed by a *party,* the district court had jurisdiction to rule on a post-judgment Rule 24(a) motion to intervene filed by a *non-party*. However, because the case concerns whether a *party* had filed a timely Rule 59 motion, the *Ross* Court's statement regarding the district court's lack of jurisdiction to hear a motion for new trial filed by a *non-party* is dictum. By contrast, in this case, no party has filed a post-judgment motion for new trial. Therefore, unlike *Ross*, the issue of this Court's jurisdiction to hear Dr. McCann's *non-party* post-judgment motion to intervene is squarely presented.

The Supreme Court's decision in *Devlin v. Scardelletti*, 536 U.S. 1 (2002), raises doubts as to the correctness of the Fifth Circuit's decision in *Ross*. The basic premise of *Ross* is that the jurisdictional exception in Rule 4(a)(4) is limited to *named* parties to a case. In *Devlin,* however*,* the Supreme Court specifically held that "the label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." 536 U.S. at 10. In *Devlin*, the Court held that class members who were not parties to the action were indeed *parties* for purposes of appeal because they were bound by the order from which they were seeking to appeal. *Id*. Since the findings concerning Dr. McCann in this Court's Opinion are as final to Dr. McCann as the order was to the unnamed class members in *Devlin*, then under the logic of *Devlin*, Dr. McCann should rightfully be

3

considered a party under Rule 4(a)(4). In that event, Dr. McCann has the right to file a post-trial Rule 59(e) motion within the 28 days after this court's entry of judgment, and this court has jurisdiction.

Moreover, contrary to Morgan Keegan's assertion (DE:50-3), Dr. McCann does not seek to change this Court's Order vacating arbitration award. He seeks only to expunge the portions of this Court's record that refer to him and his testimony. Accordingly, the unique circumstances of this case are particularly well suited to the application of *Devlin*.

In addition, there is a line of authority holding that a non-party affected by a judgment can file a motion to intervene for purposes of appeal. These cases hold that while the non-party may have a right to appeal even without seeking formal party status, attempting to intervene is the "better practice." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *United Airlines, Inc. v. McDonald, 1977, 97 S.Ct. 2464, 2470 n. 16, 432 U.S. 385, 395 n. 16, 53 L.Ed.2d 423, rehearing denied 1977, 98 S.Ct. 623, 434 U.S. 989, 54 L.Ed.2d 485* (approving post-judgment intervention for purposes of appeal); *see also* § 3902.1, 15A Wright and Miller, Special Limits on Jurisdiction—Standing—Nonparty Appeals, Fed. Prac. & Proc. Juris. § 3902.1 (2d ed.). Indeed, in *Ross,* the Court specifically acknowledged the "split of authority" on this issue, but because a *party* in *Ross* had filed a timely Rule 59(e) motion, the Court did not reach this argument. *Ross*, 426 F.3d 753 at n.20. Accordingly, since no named "party" to this case has filed a timely post-judgment motion, this Court must determine whether it has jurisdiction to grant Dr. McCann's Emergency Motion to Intervene filed for purposes of appeal.

### III.     THE MOTION TO INTERVENE IS TIMELY.

Dr. McCann timely filed his motion. He filed the motion less than a month after learning of the Court's ruling, and he had no prior notice that the Court was evaluating his testimony from

the arbitration. This easily meets the timeliness requirements delineated by the Fifth Circuit in *Stallworth v. Monsanto Co.*, 558 F.2d. 257, 263-64 (5th Cir. 1977) (timeliness "is not limited to chronological considerations but is to be determined from all the circumstances" and citing as a factor for evaluating timeliness, "[the] length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene.").

Morgan Keegan argues that because Dr. McCann knew Morgan Keegan had challenged his testimony at the arbitration hearing, he "had to have been aware that his 'interests were implicated'" in the proceeding before this Court. (DE 50 at 7.) Since this occurred "long before he moved to intervene, he should not be heard now to seek intervention for the purpose of asking the Court to reconsider the Opinion and Order." (*Id.*) This argument can be dismissed out of hand.

Morgan Keegan's argument suggests Dr. McCann was obligated to intervene before knowing what or why the Court would rule, on the off chance that the Court might discuss him or his testimony in its Opinion in a manner adversely affecting his protectable interest. This is tantamount to arguing that Dr. McCann should have been able to predict the future. Under this logic, a timely motion for intervention would have to be filed *prior to the entry of an order or opinion* in every circumstance where a *future order or opinion* might adversely impact a non-party. This cannot be so. Dr. McCann had no way of predicting how the Court would rule until its Opinion and Order were issued. Dr. McCann did not even know that the Court was considering a motion from Morgan Keegan to vacate the Garrett award until after the Court's Opinion and Order were published. He first became aware that his interests were affected upon his receipt of a copy of the Court's Opinion on October 4, 2011. *See* Exhibit A. He retained

counsel the next day. *Id*. Morgan Keegan argues that Dr. McCann should have been aware that his interest would be adversely affected when he was cross-examined in the arbitration, or at the latest, when Morgan Keegan filed its motion to vacate the award. In effect, Morgan Keegan is arguing that knowledge of the pendency of the litigation is the critical event. However, in *Stallworth*, the very case upon which Morgan Keegan relies, the Fifth Circuit specifically rejected this argument, noting "the time that the would-be intervenor first became aware of the pendency of the case is not relevant to the issue of whether his application was timely." *Stallworth*, 558 F.2d at 265. In any case, Dr. McCann was never aware of the pendency of the litigation until October 4, 2011, and it was too late for him to attempt to fill in the record Morgan Keegan and Greenberg Traurig were withholding from the Court.

Dr. McCann did not have a protectable interest that warranted intervention until this Court issued the findings in its Opinion that adversely affected his reputation. The fact that Morgan Keegan may have challenged his credibility in the arbitration proceedings or in its Motion to Vacate had no legal impact on Dr. McCann individually. That impact did not take place until the Court made its findings. Dr. McCann's Motion was made within 28 days of the Court's Opinion containing the findings against him as required under Rule 59(e). Accordingly, his motion to intervene is timely.

## IV. DR. MCCANN HAS A LEGALLY PROTECTABLE INTEREST.

Dr. McCann has a legally protected interest that allows him to intervene. A legally protected interest is "one which the *substantive* law recognizes as belonging to or being owned by the applicant." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 464 (5th Cir. 1984). In *In Re FEMA*, 401 Fed. Appx. 877, 880, n. 3 (5th Cir. 2010) ("*FEMA*"), the Fifth Circuit found that a district court's finding that an expert witness had made a "completely

6

false representation" was sufficient to give rise to a protectable legal interest. *FEMA* concerned a sanctions order issued against an expert witness who had made an inaccurate statement about her work on the FEMA case in a proceeding before another tribunal. The Court stated that "[t]he district court's finding of misconduct in this case results in a similar harm to DeVany's professional reputation as an expert witness, and would likewise be appealable even if not accompanied by a monetary penalty." *See* 401 Fed. Appx. at 880, n.3. *See also Walker v. City of Mesquite*, 129 F.3d 831, 832-33 (5th Cir. 1997) (concluding that an attorney could appeal a reprimand and a finding of "blatant misconduct" regardless of the lack of official monetary sanctions because of the importance of an attorney's professional reputation). In the present matter, this Court found that Dr. McCann gave "knowingly false testimony," (DE:33-3), a finding that has had a disastrous impact on Dr. McCann's professional reputation and business. This finding provided Dr. McCann with a protectable legal interest that is grounds for a motion to intervene.

Morgan Keegan's two cases on protectable legal interest, *MAC Sales Inc. v. E.I. Dupont De Nemours*, 1995 WL 581790 at *3 (E.D. La. Sept. 29, 1995), and *Calloway v. Westinghouse Electric*, 115 F.R.D. 73 (M.D. Ga. 1987), are distinguishable from the circumstances of this case. In *Calloway* the court merely found that a witness's testimony "is not credible." 115 F.R.D. at 74. A finding that a witness's testimony is not "credible" is arguably not sufficiently injurious to constitute a sanction within the meaning of *FEMA*. It does not therefore give rise to a protectable legal interest. A finding of lack of credibility as to a witness in a given case may be neither slanderous nor akin to an accusation of a crime such as perjury. By contrast, the findings in this case, like the findings in *FEMA* ("completely false representation") or *Walker* ("blatant misconduct"), are sufficiently injurious to give rise to protectable legal interest. In short,

*Calloway* is distinguishable because the degree of reputational harm in that case was insufficient to give rise to a cognizable legal injury.

*MAC Sales* can be distinguished from Dr. McCann's case because there, the court found that even if the non-party witness had a protectable interest, intervention was improper because his interest "would be adequately represented by the plaintiff." *MAC Sales,* 1995 WL 581790 at *3. The *Garrett* claimants cannot adequately protect Dr. McCann's interest in this case. The *Garrett* claimants have not filed a motion for new trial and therefore cannot secure any further relief from this court. Even on appeal, there are a number of reasons the *Garrett* claimants cannot adequately protect Dr. McCann's interest in expunging all references to him and his testimony in this Court's record. The Court of Appeals might never reach the alternative finding regarding Dr. McCann's testimony if it simply affirms the Order Vacating Arbitration Award on the grounds that the arbitrator lacked power to hear the dispute. Moreover, the ordinary appeals process will likely be too slow to provide Dr. McCann effective relief. Finally, the parties might settle the case on appeal, thereby preventing review by the Court of Appeals of the findings against Dr. McCann. The reasoning in *MAC Sales* is inapposite to the present matter and should not bar Dr. McCann from intervening.

The Court's findings in this case concerning Dr. McCann clearly meet the threshold test in *FEMA* requiring a cognizable legal interest entitling redress. Dr. McCann therefore has a substantive legal interest that meets the Fifth Circuit's test for intervention.

Morgan Keegan also argues that Dr. McCann's interest in intervening is even more attenuated than the non-parties in *Calloway* or *MAC Sales* because Dr. McCann was not a witness before this Court. (DE:50-11-12). However, that distinction only strengthens the reasoning for revisiting the Court's findings because the allegedly false testimony discussed in

the Court's findings was in a collateral proceeding. In *FEMA*, the Fifth Circuit found the sanction of the expert witness even less justifiable because the witness had testified before the Board of Industrial Insurance Appeals and not before the Court that sanctioned her. 401 Fed. Appx. at 882-83. Not only has a similar pattern occurred here, but in addition, the findings against Dr. McCann are alternative findings not necessary to the disposition of the Order vacating the arbitration award. The fact that the allegedly false testimony occurred in a collateral proceeding and is therefore no threat to this Court's power to police its own proceedings strengthens rather than weakens Dr. McCann's protectable legal interest and, therefore, his right to intervene in this case. *See In re FEMA,* 401 Fed.Appx. at 882-83.

Finally, there are serious due process concerns raised by the events surrounding the Court's findings. Dr. McCann had no notice whatsoever of Morgan Keegan's accusations of fraudulent testimony made to this Court until he received a copy of the Court's order from an acquaintance on October 4, 2011. He had no ability to come before the Court to defend himself against Morgan Keegan's false charges. Furthermore, Dr. McCann began suffering serious economic and professional consequences almost immediately after the Court's ruling, including the termination of several client engagements. This has forced Dr. McCann's company to dramatically cut back on its payroll. Similarly, in *United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975), the Fifth Circuit granted a petition for a writ of mandamus and had expunged from an indictment the names of two unindicted co-conspirators. *Id.* at 807-08. The court determined that the trial court had violated the due process rights of these two individuals and that this violation had caused them significant damage, including trouble finding employment. *Id.* at 798, 806. The court noted in "One's right to hold specific private employment and to follow a chosen profession free from unreasonable government interference comes within the 'liberty' and

'property' concepts of the Fifth Amendment." *Id.* at 798. Dr. McCann's due process rights allow him to come before this Court and seek expunction from the Court's record of the false accusations lobbed against him by Morgan Keegan.

## **CONCLUSION**

For these various reasons, Dr. McCann's Emergency Motion to Intervene should be granted, and his emergency request to expunge or withdraw adverse references to him in the Court's findings should be deemed timely filed as of October 28, 2011.

                                              Respectfully submitted,

/s/ Braden W. Sparks
Braden W. Sparks
BRADEN W. SPARKS, P.C.
State Bar No. 18874500
8333 Douglas Avenue
Suite 1000
Dallas, TX 75225
214.750.3372
214.696.5971 Facsimile

*/s/ Thomas R. Ajamie*
_____
Thomas Robert Ajamie
Texas Bar No. 00952400
John W. Clay
Texas Bar No. 00796366
AJAMIE LLP
711 Louisiana, Suite 2150
Houston, TX 77002
Tel: (713) 860-1600
Fax: (713) 860-1699

ATTORNEYS FOR CRAIG J. MCCANN

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of November, 2011, I electronically filed the foregoing document with the clerk of court for the U.S. District Court for the Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys who have consented in writing to accept this Notice as service of this document by electronic means:

ATTORNEYS FOR MORGAN KEEGAN & COMPANY, INC.:

    Pamela Ferguson Sperber
    Mary-Olga Lovett
    GREENBERG TRAURIG, LLP
    1000 Louisiana St., Suite 1700
    Houston, TX 77002
    sperberp@gtlaw.com
    LovettM@gtlaw.com

    Penelope Brobst Blackwell
    Stephen Cormac Carlin
    GREENBERG TRAURIG LLP
    2200 Ross Avenue, Ste. 5200
    Dallas, TX 75201
    blackwellp@gtlaw.com
    carlins@gtlaw.com

    Terry R. Weiss
    Greenberg Traurig, LLP
    3290 Northside Parkway
    Suite 400 The Forum
    Atlanta, GA 30327
    weisstr@gtlaw.com

ATTORNEYS FOR RESPONDENTS:

    Bruce B. Kemp
    Paul J. Dobrowski
    DOBROWSKI, LLP
    4601 Washington Avenue, Suite 300
    Houston, TX 77007
    bkemp@doblaw.com
    pjd@doblaw.com

                                           /s/ John W. Clay
                                           John W. Clay, Esq.