# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-20736

United States District Court
Southern District of Texas
FILED

JAN 0 6 2012

David J. Bradley, Clerk of Court

MORGAN KEEGAN & COMPANY,

Plaintiff-Appellee,

v.

JOHN J. GARRETT; NAN M. GARRETT; HENRY R. HAMMAN; DAVID W. DAUPHIN; CHRISTY DAUPHIN; WILLIAM C. GOODWIN; HSMCO, INCORPORATED; VANCE C. MILLER; HENRY S. MILLER, JR.; J. STEPHEN HARRIS; THE RYRIE FOUNDATION; ELIZABETH RYRIE ANTHONY; CAROLYN R. HOWARD; CHARLES C. RYRIE; STEVEN CHARLES ANTHONY TRUST; MATTHEW JOHN ANTHONY TRUST; CLAIRE HANNAH HOWARD TRUST; EDGAR SMITH; 1989-1 IRREVOCABLE TRUST,

Defendants-Appellants,

CRAIG J. MCCANN,

Appellant,

------------------------------------

JOHN J. GARRETT; HENRY R. HAMMAN; DAVID W. DAUPHIN; WILLIAM C. GOODWIN; HSMCO, INCORPORATED; VANCE C. MILLER; HENRY S. MILLER, JR.; 1989-1 IRREVOCABLE TRUST; J. STEPHEN HARRIS; CAROLYN R. HOWARD; CHARLES C. RYRIE; STEVEN CHARLES ANTHONY TRUST; CLAIRE HANNAH HOWARD TRUST; EDGAR SMITH; ELIZABETH RYRIE ANTHONY; NAN M. GARRETT; THE RYRIE FOUNDATION; MATTHEW JOHN ANTHONY TRUST; CHRISTY DAUPHIN,

Plaintiffs-Appellants,

v.

MORGAN KEEGAN & COMPANY,

Defendant-Appellee.

No. 11-20736

---

Appeals from the United States District Court
for the Southern District of Texas, Houston

---

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the motion of Petitioner Morgan Keegan & Company ("Keegan") to dismiss the appeal of Craig J. McCann for lack of standing is GRANTED.

In the above-listed proceeding, Keegan brought an action to vacate an arbitral award in the district court. In its opinion vacating the arbitral award, the district court found that McCann, an expert witness for the claimants, had provided "knowingly false testimony" during the arbitration. While McCann was a witness in the underlying arbitration, he did not participate in any way in the district court proceeding. The district court did not sanction McCann or issue any other penalty except to characterize his testimony in a negative light. McCann filed a notice of appeal with respect to the district court's judgment.

Keegan moves to dismiss McCann's appeal for lack of standing on the grounds that McCann was not a party to the district court proceeding. McCann responds that even though he was a nonparty, the injury to his professional reputation caused by the district court's opinion provides him with standing to appeal the judgment. As support for this proposition, McCann cites precedent falling into three categories: cases concerning expert witnesses who are subject to sanction orders, *see In re FEMA Trailer Formaldehyde Prods. Liab.*, 401 F. App'x 877, 880 (5th Cir. 2010); a case concerning an attorney whom a court found had committed professional misconduct, *see Walker v. City of Mesquite*, 129 F.3d 831, 832 (5th Cir. 1997); and cases concerning non-parties who are

No. 11-20736

named in indictments, *see United States v. Briggs*, 514 F.2d 794, 803 (5th Cir. 1975).    After reviewing these cases, we conclude that they present distinguishable facts.    Accordingly, the operation of "the general rule that nonparties cannot appeal the court's judgment," *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 350-51 (5th Cir. 2001), deprives McCann of standing to appeal.

We also decline McCann's request that we hold his appeal in abeyance pending the disposition of his post-judgment motions currently before the district court.    While we treat notices of appeal as dormant until the district court has ruled on all post-judgment motions discussed in Federal Rule of Appellate Procedure 4(A), *see Burt v. Ware*, 14 F.3d 256, 258 (5th Cir. 1994), Rule 4(A) applies only to motions filed by "a party."    Because McCann is not "a party" to the district court proceeding, Rule 4(A) does not apply to his motions. We need not wait to rule on Keegan's motion to dismiss.

We GRANT Keegan's motion and DISMISS McCann's appeal.