| United States District Court | Southern District of Texas |
|---|---|

| Morgan Keegan & Company, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-10-4308 |
| | § | |
| John J. Garrett, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Intervention

1. *Introduction.*

A non-party witness for investors has moved to intervene to strike all adverse references to him from the court's opinion. The investment fund says that the court does not have jurisdiction to hear the motion and that the witness does not have grounds to intervene. The fund will prevail.

2. *Background.*

In 2010, a group of investors arbitrated a claim against Morgan Keegan & Company, Inc., saying that it misled them about their investments in bond funds. The arbitration in August of 2010 included testimony from Craig McCann, the claimant's technical witness. In November of 2010, Morgan Keegan moved to vacate the award. One basis for vacating the decision was McCann's testimony. The court found that he knowingly testified that his results were technically authentic and reliable when he then knew – as he later testified – that they were wrong. Although he later testified that he realized his conclusions were false at the time of his testimony, he never told counsel questioning him or the panel that he needed to change his testimony. In September of 2011, the court vacated the award.

3. *Jurisdiction.*

Morgan Keegan says that the court does not have jurisdiction to address intervention because the final judgment has been appealed to the court of appeals. McCann says that this court has jurisdiction because his motion is akin to a motion to amend the judgment.

When a final judgment is appealed, the trial court loses jurisdiction except to help the appeal, correct clerical errors, or enforce its judgment.[1] After filing an appeal, a party may move to alter a judgment, restoring the court's jurisdiction.[2] Non-parties may not. McCann is not a party.

McCann says that the law allows him to be "considered" a party, but he handed up a case that involved an unnamed member of a class who appealed the approval of the class settlement. Although he was unnamed, he was an actual party with a direct, legal interest in the cause of action – the injury to the class – that was in front of the court. The approval of the settlement was a final decision on his claim and triggered his right to intervene and appeal.[3]

McCann did not have a claim against the bond fund and is not a party, unnamed or otherwise. Because he is not a party and the final judgment is on appeal, the court does not have jurisdiction to hear his motion to intervene.

4. *Intervention.*

Even if the court had jurisdiction, McCann has no basis to intervene because he was only a witness, and he has no legally protectable interest in these proceedings. He insists that the court's findings hurt his reputation, giving him grounds to intervene as a party.

Craig McCann has not been fined, branded, jailed, whipped, or transported to Georgia. In the course of a case, the court is obliged to decide things, and these decisions may reflect poorly on the parties, witnesses, and other people who were part of the factual basis for the suit. Crisp rulings that displease the object of them are a necessary friction of

---

[1] Fed. R. Civ. P. 59(e); *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005).

[2] Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4); *Ross*, 426 F.3d at 752–53.

[3] *Devlin v. Scardelletti*, 536 U.S. 1, 9 (2005).

litigation.

McCann's unhappiness about the court's findings does not create a justiciable controversy. He offers two cases in support. In one, the court formally sanctioned an attorney for misconduct.[4] Attorneys are different from witnesses; they are advocates who spend their lives in court as agents of a party. The second one involved a technical witness who misrepresented her credentials in an unrelated state court case. The court reprimanded her for the statements in the unrelated proceeding, ordered her to send the reprimand to the judge and attorneys in the other case, and threatened a fine of $5,000 if she did not comply.[5] Those are formal court sanctions of people.

5.  *McCann.*

Having voluntarily testified, he assumed the risk of an adverse evaluation by the court. A technical witness cannot accept money to testify for a party and then erase his presence because a court rejects his competence, coherence, or credibility.

In a parallel, an author may not send a book to a newspaper for review, seeking exposure through the paper, and then sue when he does not like the review.[6] People who testify under compulsory process may not sue because their testimony is found to have been anything from weak to false. The consequence of testifying is the same whether the witness is a party, observer-participant, or after-the-fact technician. He was not punished by the court. It imposed no obligation on him. Evaluation of testimony is not a sanction.[7]

---

[4] *Walker v. City of Mesquite*, 129 F.3d 831 (5th Cir. 1997).

[5] *In re FEMA Trailer Formaldehyde Products Liability*, 401 Fed. Appx. 877, 879–880 (5th Cir. 2010).

[6] *Moldea v. New York Times Co.*, 22 F.3d 310 (D.C. Cir. 1994); *see also Calloway v. Westinghouse Elec. Corp.*, 115 F.R.D. 73 (M.D. Ga. 1987); *Mac Sales, Inc. v. E.I. Dupont de Nemours*, No. 89-4527, 1995 U.S. Dist. LEXIS 14745 (E.D. La. Sept. 29, 1995).

[7] *See, e.g., In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 603–07 (S.D. Tex. 2005).

Ironically, McCann has asked the court to change its judgment to say that it merely did not believe his testimony. Of course, mere disbelief is categorically distinct from what the court did find – active, knowing misrepresentation. No, the court will not dishonestly skew its decision to obscure the witness's actual behavior. He took a check, and he took an oath, but he was faithful to only one. Equally bad, a finding of mere disbelief would change the outcome of the case. The standard that the court was obliged to use is fraud. The court has the responsibility to review evidence and find fact. He cannot rewrite the history of his testimony or the court's judgment about it.

5.  Conclusion.

The court does not have jurisdiction to hear McCann's motion to intervene since the final judgment has been appealed to the court of appeals and he is not a party with the opportunity to ask to amend the judgment. More importantly, he has no legally protectable interest that would support intervention.

Since it is within the power of the court to evaluate testimony, such scrutiny cannot be characterized as a sanction and does not give him an interest in the case. McCann's motion to intervene will be allowed to wait until this court might again have jurisdiction.

Signed on March 19, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge